Chief Justice Robertson
delivered the opinion of the Court.
At the June term, 1823, of the Gar-rard circuit court, WitHam Brown obtained Jwo judgments, for ‡ 1600 each, against Joseph Lees, Robert A. Sturgus, and Samuel. Logan.
On the 17th of December, 1823, two executions of fieri facias, were issued on these judgments, and directed to the sheriff of Madison county, who levied them on the property of Lees, which he sold on a credit of two years. At this sale, Robert Miller purchased a slave named John, at the price of $608, for which he gave his bond, with John Sullinger as his surety, payable in two years to Brown.
William Brown having died intestate, before an execution had been issued on the sale bond, George Brown, as his administrator, had a scire facias, issued for obtaining judgment for execution, in his name, on the bond. The circuit court sustained a demurrer to this scire facias, and gave judgment in favor of^Miller, and Sullinger, for the costs.
On the 16th of April, 1828. George Brown brought this suit, (debt) against Miller and Sullinger, on the sale bond. The defendants pleaded the judgment on the scire facias in bar; and they also, among other pleas, filed two, averring in substance, that there was no judgment, which authorized the execution to issue to Madison county, and that therefore, the sale, by the sheriff to Miller, was void, and also alleging, that the bond was void, because there was no law, authorizing a sale on credit! . v \
Act op-23, docs-not repeal all laws, authorizing sa!es on i.redii..-
A d'emurrerto the first plea, was; overruled, and thereupon, judgment was rendered in favor of the-defendants, in bar of the action. To reverse which, judgment, this writ of error, with a supersedeas, is prosecuted by Brown*
The circuit court erred in overruling the demurrer. The judgment on the scire facias, is no bar te debt on the bond. There is nothing in the record of the proceedings on the scire facias,, which will enable this court to ascertain the ground, on which the circuit judge sustained the demurrer to the scire facias. It may have been some supposed defect, or irregularity in the proceeding,orsome other reason, which leaving the validity of the bond, as a common law obligation, undecided and untouched, would therefore, not bar this suit, even if the cause of the judgment had been disclosed in a special and direct iss-ue.
The defendants however, in pleading the judgment on the scire facias, aver that the reason for sustaining the demurrer to it, was, that at the date of the. sale, there was no law, authorizing a sheriff to sell property, under execution, on a credit.
We cannot admit, that this- averment of an extra” neous fact, can alter the legal effect of the record, or could authorize the circuit court, to go out of the record to'hunt for the reasons which influenced the judgment o-n the scire facias. Nor ought the circuit court to have presumed, or inferred judicially, that the reason assigned in the plea, was the true one. Any other reason was entitled to as much influence on the mind of the judge, who adjudicated on the scire fardas.
The act of 1S23, (Session Acts, p. 391) should not be construed asa repeal of all laws, authorizingsales on credit.
This act was passed-with the avowed object of perfecting and securing legislative influence to debtors. No construction ought therefore to be tolerated^ which would be incompatible with- the design and end of the enactment. The legislature, in framing an act for the relief of the unfortunate, surely did not intend, that those who might be unable to replevy executions levied on their property, should be subjected,for that cause, to the sacrifice, incident to Uic. *437 sales for cash in hand. Such an interpretation should not be given to the act of 1823, unless it had been so clear and explicit as to exclude any other. .
Sale bond, tho’ void as a statutory, may bn good as a common law bond.
Invalid statutory bond, cannot be quashed by obligan, ob-ligee alone can quash,
But when the act of 1823, and those of 1821, and 1822, to which it refers, are scrutinized, it will be found, not only, that they do not require the construction, which the counsel for the defendants has put upon them, but that they will not permit it, without a violation of the principles of rational law. A sale on credit, is not inconsistent with the act of 1821. The abrogation of all credit, would be inconsistent with that act, and would be a repeal of some of its provisions.
We do not consider it necessary now to enlarge this opinion, by a survey of these several acts, and an analysis of their language, for the purpose of showing the futility of the construction which has been contended for, by the counsel for the defendants, because, even if this construction were the true one’, it could not aid his clients in this case:
1st. Because this court does not know, that the demurrer to the scire facias, was sustained on that ground.
2d. If we could ascertain judicially, that the demurrer was sustained on this ground, and this alone', the only legal effect of the judgment on the demurrer would than be, that the bond could not be enforced as a statutory judgment. It would still remain a valid common law obligation, which might heenforeed inan actionof debt. It has not been quashed, and if it were invalid as a statutory bond, nevertheless, it could not be rightfully quashed, by the obligors. It is not void. It does not come within either the reason, or letter of the act of 1796, (II. Digest, 1136.) which renders void, certain bonds taken by the sheriffs “colore officii.” That act provides that “it shall not ho lawful for any sheriff, or his deputy, to take any obligation of, or from any person or persons, in his custody, for, or concerning any matter relating to his office-, otherwise payable than to himself as sheriff, and dis-chargeable upon the prisoner'1 s appearance., and rendering himself at the place and day required,” fyc.
Scire Facias, on sale bond, and demurrer sustained thereto, because bond was invalid as statutory . bond, is no bur to action of debt on bond.
This bond was executed voluntarily; the credit was-beneficial to the obligors. There is no law which prohibits such a bond, nor is it inconsistent with any statute or principle of the common law. If it be not a valid statutory bond, thé creditor alone could quash it. The obligors will not be allowed to take advantage of that which is prejudicial to the obligee alone. See Harrisford et al. vs Barbor, III.Marshall,515; Stephenson vs. Miller, II. Littell’s Reports, 310; Fant and Catlet vs. Wilson, III. Monroe, 342; Hoy vs. Rogers, IV. Monroe, 225; M’Kenney vs. Carroll, V. Monroe, 96. The people vs. Collins, VII. Johnson, 554.
If the circuit judge entertained the opinion, that this bond, is not a statutory obligation, and therefore, for that reason alone sustained the demurrer to the scire facias, the "only effect of his judgment, is that an execution could not issue on the bond. Whether it is a good common law bond, was not, and could not have been in issue, and therefore, his decision could not have any effect whatever in this suit.
Wherefore, it results, that the plea contained nothing in bar of this action, and that therefore, the circuit court erred in overruling the demurrer to it.
As the other pleas, which were not disposed of, may present some difficulty ot. the return of the cáuse to the court below, it is proper to notice them.
The foregoing view, virtually leaves nothing in these pleas, further to be considered, except the allegation, that the executions issued illegally, to Madison county, and that therefore, all the acts of the sheriff, in pursuance of their supposed authority, are void.
This allegation is immaterial; it is founded on a misconception, or a misapplication of the law.
■ We do not know judicially, whether the defendants in the execution, all resided in Madison couDty, when the judgment was rendered, and neither of the pleas informs us, where they resided. But if none of them lived in Garrard, and nothing had occurred, which authorized the sending of the executions to Madison, according to the opinion of the majority of this court, *439 in the case of Mason vs. Rogers, (IV. Littell, 375, still, the executions were not void, but only voidahle. The sheriff could not know, whether there was or was not sufficient cause for sending the executions to him; nor could the purchasers know whether the executions issued regularly or irregularly. As the law authorized executions on the judgments, to be sent to Madison, under contingent circumstances, the sheriffand all who were inclined to bid, had a right to presume, that the facts exisied, which gave the authority, and that the clerk had' acted legally, and the sheriff was bound to proceed with the execution. This doctrine is not only deduceable from public policy, and from the analogies of the law, but is directly and expressly established by (he authority of this court, in the case of Cox vs. Nelson, I. Monroe, 94.
Noymgulmi-‘l1 sal®’?r execution, “iff4 . oonajide purchaser. Error in issuing ,t0 county^ia °uiarity.
Break, for plaintiff; Turner, for defendant.
A “bona fide1'1 purchaser cannot be affected by any irregularity in the sale by the sheriff, nor by any irre.g-ularily, m issuing the execution.
And the case of Cox vs. Nelson, not only shews, ,, , ... .. . i ’ that an error, in issuing execution to an improper county, is only an irregularity; but that a purchaser can hold property “bona fide,” bought by him at a sale, under such process. • .
Lees, whp alone had a right to complain, has not disturbed the sale. He did not attempt to quash the executions, and he could not have set aside the sale, if he had attempted it. Miller then holds, or is enti-.tied to hold the slave which, he'purchased. Lees has been benefitted by the sale, and surely Miller cannot now object, that the sale was irregular.
None of the pleas therefore, which have been noticed, are good.
For the error in overruling the plaintiff’s demurrer, the judgment of the circuit court, is reversed,, and the cause remanded, with instructions to sustain, the demurrer.